IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEBORAH M. SOWL,
KERRY T. SOWL

    Plaintiffs,

vs.

OneWest Bank, FSB,

    Defendant.

COMPLAINT

Civil Action No. 10-cv-203

## INTRODUCTION

1. This is an action for actual and statutory damages brought by individual consumers for the defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and requires debt collectors to give debtors certain information.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff Deborah M. Sowl resides in a home, which she owns with her husband Kerry T. Sowl, in Dane County, Wisconsin.

4. Plaintiff Kerry T. Sowl resides in a home, which he owns with his wife Deborah M. Sowl, in Dane County, Wisconsin.

5. OneWest Bank, FSB was organized on March 19, 2009.

6. OneWest Bank, FSB conducts business under the name IndyMac Federal Bank, having acquired numerous loans previously serviced or owned by that now-defunct entity.

including allegedly that of the plaintiffs, from the Federal Deposit Insurance Corporation ("FDIC").

7. OneWest Bank, FSB acquired hundreds or thousands of loans that were contractually in default as part of its regular business.

8. OneWest Bank, FSB uses the mails and interstate telephone system to conduct its business, including the collection of the defaulted debts it acquired.

9. OneWest Bank, FSB is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. OneWest Bank, FSB allegedly became involved with the plaintiffs' residential mortgage loan upon its organization in March 2009.

11. At the time, the loan was contractually in default.

12. The plaintiffs received the loan for personal, family, or household purposes, and not for business purposes.

13. On or about April 14, 2009, the defendant sent the plaintiffs the letter attached as Plaintiffs' Exhibit A.

14. Exhibit A was not accompanied or followed with five days by the notice required by 15 U.S.C. § 1692g.

15. The plaintiffs were confused as to the identity of the alleged owner of the mortgage loan, especially given a foreclosure action in state court under IndyMac Federal Bank, FSB's name.

## CAUSE OF ACTION – Fair Debt Collection Practices Act – 15 U.S.C. § 1692

16. The plaintiffs reallege all preceding paragraphs and incorporate them by reference.

2

17. The defendant violated the FDCPA, 15 U.S.C. § 1692g, by failing to provide the notice required by that section.

18. 15 U.S.C. § 1692g provides in part:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a result of the defendant's violation of the FDCPA, the plaintiffs have incurred and will incur damages and costs in pursuit of this action. The plaintiffs are entitled to recover all damages, costs, and attorney's fees from the defendants pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the plaintiffs respectfully request that judgment be entered in their favor against the defendant for:

A. Actual and statutory damages;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as the Court deems just and proper.

Dated this 14th day of April, 2010.

                                              LEGAL ACTION OF WISCONSIN, INC.
                                              Attorneys for the plaintiffs

                                       BY: _____
                                                  Kevin G. Magee

MAILING ADDRESS:
31 S. Mills Street
Madison, WI 53715
Phone: (608) 256-3304
Fax: (608) 256-0510
State Bar No. 1017673

4

# PLAINTIFFS' EXHIBIT A


**IndyMac Federal Bank** Home Loan Servicing
P.O. Box 4045
Kalamazoo, MI 49003-4045

April 14, 2009

626357/PP/1

KERRY T SOWL
DEBORAH M SOWL
4733 BUSS RD
COTTAGE GROVE WI 53527-9605

Indymac Mortgage Services
Loan # 1004632566

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER
## OF SERVICING RIGHTS

You are hereby notified that, effective March 19, 2009, the servicing of your mortgage loan, that is, the right to collect payments from you, was assigned, sold or transferred from IndyMac Federal Bank, FSB to Indymac Mortgage Services, a division of OneWest Bank, FSB.

This assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage documents, other than terms directly relating to the servicing of your loan.

In the instance that the transfer of servicing is preceded by the appointment of the FDIC as receiver, as in this case, the law requires that your present servicer or new servicer send you this notice no more than 30 days after the effective date of transfer.

**PLEASE NOTE: Except for the change in the servicer's name as instructed below, this transfer does not require any changes on your part at this time. For now, all contact numbers and mailing addresses for the servicer are unchanged. We will advise you of any future changes to the telephone numbers, addresses or other contact information.**

Your new servicer will be Indymac Mortgage Services, a division of OneWest Bank, FSB.

If you have any questions relating to this transfer of servicing rights, please call Indymac Mortgage Services Customer Care Department at the following toll free telephone number:

**1-800-781-7399**
Monday - Friday, 7:00 am to 8:00 pm, Central Time

For all payments due on or after March 19, 2009, your checks should be made payable to Indymac Mortgage Services.

**Payment Address**
Indymac Mortgage Services
P.O. Box 78826
Phoenix, AZ 85062

**Correspondence Address**
Indymac Mortgage Services
P.O. Box 4045
Kalamazoo, MI 49003

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605).

During the 60 day period following the effective date of the transfer of loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

Indymac Mortgage Services
6900 Beatrice Drive
Kalamazoo, MI  49009

No later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your accounts, and must provide you with a written clarification regarding any dispute. During this 60-business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

**Other Important Information**

If your payment is automatically deducted from one of your accounts, you will not need to make any changes as these services will be continued as part of the transfer. Similarly, if you use a third-party service to make your payment (i.e. by telephone or an online bill pay service), including a military allotment payment, you will not need to make any changes as these services will be continued as part of the transfer.

The transfer of the servicing of your loan will not have any effect on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance you maintained while your loan was serviced by IndyMac Federal Bank, FSB.

Please do not send payments to the FDIC. The FDIC does not have specific information regarding your mortgage loan account.

Please note that in January 2010, you will be sent only one annual statement - Indymac Mortgage Services will combine the mortgage interest and real estate tax payment information for the periods during which it serviced your loan in 2009 and during which IndyMac Federal Bank, FSB serviced your loan in 2009 into one statement.

Sincerely,

J.K. Huey, CMB, AMP
Senior Vice President